# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

v.                                    **Criminal No.** 5:23-MJ-109

HARDY CARROLL LLOYD

    **Defendant**.

<u>AMENDED[1] MOTION FOR PRETRIAL DETENTION</u>

The United States moves for pretrial detention of defendant pursuant to 18 U.S.C. Section 3142(e) and (f).

1. Eligibility of Case.   This case is eligible for a detention order because the case involves (check all that apply):

[✓] a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

[ ] an offense for which the maximum sentence is life imprisonment or death;

[ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

[ ] any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of Title 18 U.S.C. Section 3142(f)(1), or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

[ ] any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code;

---

[1]Amended to add: serious risk defendant will flee and defendant's appearance required.

☑ Serious risk defendant will flee;

☑ Serious risk obstruction of justice

2. Reason for Detention. The court should detain defendant because there are no conditions of release which will reasonably assure (check one or both):

☑ Defendant's appearance as required

☑ Safety of any other person and the community

3. Rebuttable Presumption.

A rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

☐ a) the defendant has been convicted of a Federal offense that is described in Title 18 U.S.C. Section 3142(f)(1), or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed; b) the offense was committed while the defendant was on release pending trial for a Federal, State, or local offense; and c) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that offense whichever is later.

A rebuttable presumption arises that that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community because the defendant committed:

☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

☐ an offense under section 924(c), 956(a), or 2332b of this title;

☐ an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ an offense under chapter 77 of this title for which a maximum term of imprisonment of 20 years or more is prescribed; or

☐ an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title.

4. Time for Detention Hearing.   The United States requests the court conduct the detention hearing

☐ At first appearance

☑ After continuance of   3   days (not more than 3)

5. Other Matters:

**Dated:** August 21, 2023

/s/ Jarod J. Douglas
Jarod J. Douglas
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of August, 2023, I have electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, to be served upon counsel of record.

By: <u>/s/ Jarod J. Douglas</u>
Jarod J. Douglas
Assistant United States Attorney
WV Bar No. 11070
United States Attorney's Office
1125 Chapline Street, Suite 3000
Wheeling, WV 26003
Phone: (304) 234-0100